**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

KATE POLISCHAK,

Plaintiff,

v.

CARBON COUNTY,

Defendant.

CIVIL ACTION NO. 3:25-CV-00306

(MEHALCHICK, J.)

**MEMORANDUM**

Before the Court is Plaintiff Kate Polischak's ("Polischak") motion for leave to file a second amended complaint and Defendant Carbon County's ("Carbon County") motion for sanctions. (Doc. 21; Doc. 24). This action concerns Carbon County's placement of Polischak on unpaid administrative leave from her position as a 911 dispatcher following Polischak's sexual assault. (Doc. 1, at 3, 9). For the following reasons, Polischak's motion for leave to file a second amended complaint is **GRANTED in part** and **DENIED in part**, and Carbon County's motion for sanctions is **DENIED**. (Doc. 21; Doc. 24).

## I. BACKGROUND AND PROCEDURAL HISTORY

The following background is derived from Polischak's motion for leave to file a second amended complaint, Carbon County's motion for sanctions, and the briefs in support thereof. (Doc. 21; Doc. 22; Doc. 24; Doc. 25). On February 20, 2025, Polischak commenced this action by filing a complaint against Carbon County alleging disability discrimination claims under the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and the Family and Medical Leave Act ("FMLA"). (Doc. 24, at 1). On November 2, 2025, Polischak filed an amended complaint. (Doc. 24, at 1). On January 29, 2026, Polischak's

counsel emailed Carbon County's counsel notifying him that Polischak would be filing a motion for leave to file a second amended complaint naming Carbon County's 911 Communications Director, Gary Williams ("Williams") and Carbon County's Human Resources Director, Samatha Ciallella ("Ciallella") as defendants. (Doc. 24, at 2). On January 30, 2026, counsel for Carbon County notified Polischak's counsel that Carbon County did not consent to the motion for leave to amend the complaint and that there was no theory under which naming Williams or Ciallella was proper. (Doc. 24, at 2).

Polischak's counsel maintained his position and filed the motion for leave to file a second amended complaint and brief in support on January 30, 2026. (Doc. 21; Doc. 24, at 2). Polischak's proposed second amended complaint adds Williams and Ciallella as defendants to the action. (Doc. 21, at 5-24). Polischak's proposed second amended complaint alleges the following Counts against Carbon County, Williams, and Ciallella: Count I – discrimination because of disability in violation of section 504 of the Rehabilitation Act of 1973 and the ADA; Count II – discrimination because of protected activity (retaliation) in violation of Section 504 of the Rehabilitation Act of 1973 and the ADA; and Count III – interference and retaliation in violation of the FMLA. (Doc. 21, at 16-22). On February 13, 2026, Carbon County filed a brief in opposition to Polischak's motion for leave to file a second amended complaint. (Doc. 23). Polischak did not file a reply brief. On February 13, 2026, Carbon County also filed a motion for sanctions against Polischak's counsel and a brief in support. (Doc. 24; Doc. 25). On February 18, 2026, Polischak filed an answer to Carbon County's motion for sanctions, and on February 20, 2026, Polischak filed a brief in opposition to Carbon County's motion for sanctions. (Doc. 26; Doc. 27). On March 2, 2026, Carbon County filed a timely reply brief. (Doc. 28).

## II. DISCUSSION

### A. MOTION FOR LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a)(1) permits amendment of a pleading as a matter of course within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Polischak moves for leave to file a second amended complaint adding Williams and Ciallella as defendants. (Doc. 24). Polischak contends that the second amended complaint will have a relatively limited likelihood of materially affecting the claims in this case and that no undue prejudice will result from the amendments because Polischak already noticed Carbon County, Williams, and Ciallella of potential violations of Section 8 of the ADA and related laws. (Doc. 22, at 1-2). Carbon County contends that the Court should deny Polischak's motion for leave because the amendments are sought in bad faith and are wholly futile because there is no legal theory or factual basis under which Williams and Ciallella can be held individually liable. (Doc. 23, at 3).

Courts have discretion over the decision to grant leave to amend, which is guided by an animating principle embodied by Rule 15: that leave should be freely given when justice so requires. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"). However, even under this liberal standard, a court may deny leave to amend where it causes: (1) undue

delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment. *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995). Carbon County avers that the Court should deny Polischak's motion for leave based on bad faith and futility of the amendment. (Doc. 23, at 3). The Court will first address whether Polischak's proposed second amended complaint is futile. The Court will then address whether Polischak moved for leave to amend in bad faith.

1. **Polischak's addition of Williams and Ciallella as individual defendants to the FMLA claims in not futile.**

Polischak contends that because the proposed second amended complaint only adds two defendants, the second amended petition is not likely to materially affect the claims in this case. (Doc. 22, at 1). Carbon County counters that adding individual defendants to the ADA and Section 504 claims is futile because individual liability is not available under the ADA or Section 504. (Doc. 23, at 3). Carbon County also contends that adding individual defendants to the FMLA claim is futile because it was Carbon County's decision to require Polischak to provide an authorization to return to work. (Doc. 23, at 33).

To assess futility in a motion for leave to amend, "the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1434 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F. 3d 617, 623 (1st Cir. 1196)). To avoid a finding of futility the moving party need only state a claim upon which relief may be granted. *See Burlington*, 114 F.3d at 1434 (stating "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be

granted."). Polischak seeks to add Williams and Ciallella as defendants to ADA, Section 504, and FMLA claims.[1]

Neither the ADA nor Section 504 of the Rehabilitation Act recognize individual liability. Title I of the ADA addresses discrimination in employment and bars disability discrimination by an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. §§ 12111(2), 12112. Title II of the ADA bars disability discrimination in the services, programs, or activities of a public entity. 42 U.S.C. §§ 12131(1), 12132. Section 504 of the Rehabilitation Act provides that no otherwise qualified person with a disability "shall, solely by reason of her or his disability, be excluded from the participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794(a).

"In cases involving retaliation for the exercise of rights under Title I, involving employment, courts have uniformly found that individual liability is not available." *Datto v. Harrison*, 664 F. Supp. 2d 472, 488 (E.D. Pa. 2009) (citing *Albra v. Advan, Inc.,* 490 F.3d 826, 830–34 (11th Cir.2007); *Butler v. City of Prairie Village,* 172 F.3d 736, 744 (10th Cir.1999); *Stern v. Cal. State Archives,* 982 F. Supp. 690, 692–93 (E.D.Cal.1997); *McInerney v. Moyer Lumber and Hardware, Inc.,* 244 F.Supp.2d 393 (E.D.Pa.2002)). Likewise, "the Third Circuit has suggested, in accordance with other courts that have considered the issue, that Title II does

[1] The Court notes that counsel for Polischak later, in the brief in opposition to Carbon County's motion for sanctions, contends that he only ever sought to amend the complaint to add Williams and Ciallella to the FMLA claims. (Doc. 27, at 2). However, comparing the proposed second amended complaint to Polischak's first amended complaint, Polischak clearly adds Williams and Ciallella as defendants to all three counts. (Doc. 21, at 5-24). The Court also notes that counsel for Polischak failed to follow local rule 15.1 by failing to attach a copy of the original complaint "in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type." M.D. Pa. L.R. 15.1.

not impose liability upon individuals, at least for damages."[2] *Datto*, 664 F. Supp. 2d at 489 (citing *Emerson v. Thiel College*, 296 F.3d 184, 189 (3d Cir. 2002)). For Section 504 of the Rehabilitation Act, claims may be brought "against recipients of federal financial assistance, but not against individuals." *A.W. v. Jersey City Public Schools*, 486 F.3d 791, 804 (3d Cir. 2007) (citing *Emerson*, 296 F.3d at 190; *Taylor v. Altoona Area Sch. Dist.*, 513 F.Supp.2d 540, 557 (W.D.Pa.2007) (collecting cases).

Unlike the ADA and Section 504 of the Rehabilitation Act, an individual can be subject to FMLA liability in certain specific circumstances. "[A]n individual is subject to FMLA liability when he or she exercises 'supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation' while acting in the employer's interest." *Haybarger v. Lawrence County Adult Probation and Parole*, 667 F.3d 408, 417 (3d Cir. 2012). To analyze an individual supervisor's control over an employee under the FMLA, courts apply an "economic reality" test, looking at whether an individual supervisor carried out the functions of an employer with respect to an employee. *Haybarger*, 667 F.3d at 417 (collecting cases). Relevant factors courts consider to determine the economic reality of an employment situation include whether the individual "(1) had the power to hire and fire the employee[ ], (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Haybarger*, 667 F.3d at 418 (citing *Herman v. RSR Sec. Servs. Ltd.*, 172

[2] While some courts have found that ADA retaliation claims involving public services may be brought against individuals, *Thomas v. Pa. Dep't of Corr.*, 2008 WL 68628 *5 (W.D. Pa. Jan. 04, 2008); *Zied–Campbell v. Richman,* 2007 WL 1031399 at *18 (M.D. Pa. March 30, 2007), "Congress did not intend Title II of the ADA to apply to employment discrimination claims when it has expressly authorized a mechanism to bring employment claims under Title I." *Cook v. City of Phila.*, 94 F. Supp. 3d 640, 648 (E.D. Pa. 2015).

F.3d 132, 139 (2d Cir. 1999); *Carter v. Dutchess Cnty. Coll.*, 735 F.2d 8, 12 (2d Cir.1984)). However, courts must consider any relevant evidence and no one of the four factors alone is dispositive. *Haybarger*, 667 F.3d at 418 (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)).

As individual liability cannot be asserted under the ADA and Section 504 of the Rehabilitation Act, Polischak's move to add Williams and Ciallella to Counts I and II is futile. *See Datto*, 664 F. Supp. 2d at 488; *Emerson*, 296 F.3d at 190; *A.W.*, 486 F.3d at 804. Counsel for Polischak conceded to this futility in the brief in opposition to Carbon County's motion for sanctions by providing that he only intended to add Williams and Ciallella as defendants under the FMLA claim. (Doc. 27, at 2).

For the proposed amended FMLA claim, Polischak provides that Williams serves at the Communications Director for Carbon County and that Ciallella serves at the Human Resources Director for Carbon County. (Doc. 21, at 6). Polischak also submits that Ciallella and Williams incorrectly perceived Polischak to have mental health issues and made the decision to place Polischak on unpaid administrative leave. (Doc. 21, at 6-7). To support this assertion, Polischak alleges that Human Resources Assistant Director Lisa Marks indicated that Williams had a role in Polischak's suspension from work; that shortly after texting Williams that she would be calling off sick, Polischak received a call from Ciallella informing her that she was being placed on unpaid administrative leave; and that Ciallella provided repeatedly that Polischak was put on leave because of reports that she suffered from mental illness and was suicidal. (Doc. 21, at 13-16).

Polischak includes allegations that show Wiliams supervised Polischak and had some control over her work schedules and conditions of employment and that Ciallella had the

authority to receive reports and place Polischak on administrative leave. (Doc. 21, at 13-16). Considering Williams' and Ciallella's job titles and the scope of their workplace authority over Polischak's schedule, suspension, and leave, Polischak plausibly alleges that Williams and Ciallella exercised supervisory authority over Polischak and was responsible in part for the alleged violation. *See Thomas v. St. Mary Med. Ctr.*, 22 F. Supp. 3d 459, 476 (E.D. Pa. 2014) (finding plaintiff could assert FMLA claims individually against proposed defendants because of their job titles and factual allegations tying them to the processing of plaintiff's FMLA leave and return to work conversations); *Thompson v. Real Est. Mortg. Network*, 748 F.3d 142, 154 (3d Cir. 2014) (finding allegations of the scope of the individual defendants' workplace authority and specific statements as to overtime pay allowed for individual liability under the FMLA). Accordingly, Polischak's move to add Williams and Ciallella as individual defendants to the FMLA claims is not futile. *See Haybarger*, 667 F.3d at 417.

**2. Polischak did not move for leave in bad faith.**

Polischak contends that allowing her to file the second amended complaint would serve justice and promote judicial efficiency. (Doc. 21, at 1). Polischak also provides that the filing of the second amended complaint would not result in substantial or undue prejudice, bad faith, or undue delay. (Doc. 21, at 1). Carbon County counters that Polischak seeks to amend her complaint for improper purposes and in bad faith. (Doc. 23, at 4). Carbon County avers that there is no legal, factual, or practical basis for naming Williams and Ciallella as individual defendants, and Carbon County contends that Polischak only wishes to name the individual defendants to pressure and harass Carbon County into settling the case. (Doc. 23, at 4).

The question of bad faith requires courts to focus on the plaintiff's motives for amending their complaint or for not amending their complaint sooner. *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). While leave to amend may be denied for bad faith or dilatory motive, the liberal standard of Rule 15(a) "allows for misunderstandings and good-faith lapses in judgment so long as the party thereafter acts reasonably and diligently." *Arthur v. Maersk*, Inc., 434 F.3d 196, 206 (3d Cir. 2006). "The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case." *Arthur*, 434 F.3d at 206.

The record does not reflect that Polischak acted in bad faith or with dilatory motives in moving for leave to amend her complaint. Polischak moved for leave to amend her complaint after new information was revealed through discovery. (Doc. 21, at 2). Prior to filing the motion for leave with the Court, counsel for Polischak notified counsel for Carbon County of his intention to file a second amended complaint naming Williams and Ciallella. (Doc. 23, at 1). While counsel for Carbon County informed counsel for Polischak that he believed there was no theory under which Williams or Ciallela could be named as individual defendants, counsel for Polischak maintained his position that the amendments were not futile or in bad faith. (Doc. 23, at 1-2). While it is frustrating to the Court and purportedly frustrating to counsel for Carbon County that Polischak's counsel, in the briefing for the motion for leave and the motion for sanctions, changed his argument on which claims Polischak sought to add Williams and Ciallella to, the lapse of judgment does not demonstrate dilatory motive or amount to bad faith. *See Arthur*, 434 F.3d at 206; see *Trueposition, Inc. v. Allen Telecom, Inc.*, No. 01-823, 2002 WL 1558531, at *2 (D. Del. July 16, 2002) (citing *J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 614 (3d Cir. 1987) ("The scope of the court's

inquiry is therefore limited to whether the motion to amend itself is being made in bad faith, not whether . . . conduct outside the motion to amend amounts to bad faith.”).

Accordingly, Polischak’s motion for leave to file a second amended complaint is **GRANTED in part** and **DENIED in part**. Polischak’s motion for leave to file a second amended complaint is **GRANTED** to the extent that Polischak seeks to add Williams and Ciallella as defendants to Count III – interference and retaliation in violation of the FMLA. (Doc. 21, at 21-22). To the extent that Polischak seeks to add Williams and Ciallella as defendants to Count I – discrimination because of disability in violation of Section 504 of the Rehabilitation Act of 1973 and the ADA and Count II – discrimination because of protected activity (retaliation) in violation of Section 504 of the Rehabilitation Act and the ADA, Polischak’s motion for leave to file a second amended complaint is **DENIED** as futile. (Doc. 21).

B. Motion for Sanctions

Rule 11 of the Federal Rules of Civil Procedure requires that “[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney’s name—or by a party personally if the party is unrepresented.” Fed. R. Civ. P. 11(a). Federal Rule of Civil Procedure 11 authorizes courts to sanction—

> the signatory to any pleading, motion or other paper which is not well grounded in fact nor warranted by existing caselaw or a good faith argument for the extension, modification, or reversal of existing law, or which is interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> *Landon v. Hunt*, 938 F.2d 450, 452 (3d Cir. 1991).

“The standard for testing conduct under Rule 11 is reasonableness under the circumstances. The rule imposes on counsel a duty to look before leaping[.]” *Keister v. PPL*

*Corp.*, 318 F.R.D. 247, 255 (M.D. Pa. 2015) (citations omitted). Sanctions under Rule 11 are particularly appropriate when the offending party demonstrates "a deliberate indifference to obvious facts." *Keister*, 318 F.R.D. at 256 (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)).

Courts must tailor Rule 11 sanctions to the circumstances of the case, keeping in mind that the Rule's purposes are lawyer accountability and the deterrence of frivolous lawsuits and filings. *See Keister*, 318 F.R.D. at 256-57. "The basic principle governing the choice of sanctions is that the *least severe* sanctions *adequate* to serve the purpose should be imposed." *Keister*, 318 F.R.D. at 256-57 (emphasis in original) (quoting *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)). Courts may consider a number of factors in determining the appropriate sanction, but the ultimate decision remains in the sound discretion of the district court. *See Keister*, 318 F.R.D. at 256; *see also DiPaolo v. Moran*, 407 F.3d 140, 144 (3d Cir. 2005) (citing *Garr v. U.S. Healthcare*, 22 F.3d 1274, 1279 (3d Cir. 1994)).

Carbon County seeks sanctions against Polischak's counsel for his conduct in moving for leave to file a second amended complaint. (Doc. 24). Carbon County seeks sanctions in the form of reimbursement for attorney's fees and costs for having to prepare and file the motion and briefs in response to Polischak's motion for leave to amend. (Doc. 24, at 4). Carbon County avers that Polischak's counsel only attempted to add Williams and Ciallella as defendants to embarrass, harass, and humiliate Williams and Ciallella and to pressure Carbon County into settling the case. (Doc. 24, at 3). In the motion for sanctions, Carbon County maintains that Polischak's move to add Williams and Ciallella as individual defendants was baseless. (Doc. 24, at 3). Polischak counters that Carbon County's motion for sanctions is a personal attack without any legitimate basis. (Doc. 27, at 2). Polischak's counsel

contends that the FMLA claims against Williams and Ciallella are grounded in fact and supported by well-established law, and, therefore, sanctions are unfounded. (Doc. 27, at 2-3).

Sanctions for attorney conduct outside of discovery is governed by Rule 11 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11. Rule 11 gives district courts the authority to impose sanctions on:

> the signatory to any pleading, motion or other paper, that is not "well grounded in fact" nor "warranted by existing caselaw or a good faith argument for the extension, modification, or reversal existing law, [or which is] interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

*Landon v. Hunt*, 938 F.2d 450, 452 (3d Cir. 1991) (citing Fed. R. Civ. P. 11). Counsel has a duty to "look before leaping" and act reasonably under the circumstances. *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986); *Keister v. PPL Corp.*, 318 F.R.D. 247, 255 (M.D. Pa. 2015). The purpose of Rule 11 sanctions is to promote lawyer accountability and deter frivolous lawsuits and filings. *Keister*, 318 F.R.D. at 256-57. It is within the discretion of district courts to determine appropriate sanctions. *DiPaolo v. Moran*, 407 F.3d 140, 144 (3d Cir. 2005); *Keister*, 318 F.R.D. at 256.

While Polischak's move to add Williams and Ciallella as defendants to the ADA and Section 504 claims is futile, the appropriate route is denial of leave to amend those claims, not sanctions via Rule 11. *See DiPaolo*, 407 F.3d at 144; *see Keister*, 318 F.R.D. at 256; *see Martin v. Brown*, 151 F.R. D. 580, 588 (W.D. Pa. 1993); *Emerick v. Norfolk S. Ry. Co.*, No. 3-266, 2006 WL 2792217, at *3 (W.D. Pa. Sept. 26, 2006) ("the appropriate sanction will not always arrive via Rule 11, but will sometimes assume the more pedestrian form of dismissal or summary judgment"). As the Court finds Polischak's move to add Williams and Ciallella as defendants to the FMLA claims to not be futile or in bad faith, sanctions are likewise

inappropriate. *See* Fed. R. Civ. P. 11. Accordingly, Carbon County's motion for sanctions is **DENIED**. (Doc. 24).

## III. CONCLUSION

For the foregoing reasons, Polischak's motion for leave to file a second amended complaint (Doc. 21) is **GRANTED in part** and **DENIED in part**, and Carbon County's motion for sanctions (Doc. 24) is **DENIED**.

An appropriate Order follows.

**Dated: September 1, 2026**

s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**United States District Judge**